# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| H-D U.S.A., LLC, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 17 C 2640 | |
| | ) | | |
| v. | ) | | |
| | ) | Judge Jorge L. Alonso | |
| ZHONGUOSHICHANG, et al. | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff H-D U.S.A., LLC ("Harley Davidson") moves for summary judgment against defendant Dejian Gong d/b/a lingerieparty at eBay.com ("Gong") on its claims for trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114 (Count I), for false designation of origin in violation of 15 U.S.C. § 1125(a) (Count II) and for violation of the Illinois Uniform Deceptive Trade Practices Act. For the reasons set forth below, the Court denies plaintiff's motion [49] for summary judgment.

## I.     BACKGROUND

The following facts are undisputed unless otherwise noted and come from plaintiff's statement of facts. Plaintiff Harley Davidson holds a trademark for the words HARLEY-DAVIDSON for, among other things, parts and service manuals for motorcycles, as well as motorcycle parts catalogs and magazines. In addition, plaintiff owns the trademark pictured below.



Plaintiff owns the pictured trademark for, among other things, posters, paper decals and playing cards; first aid kits; sunglasses, battery chargers and protective crash helmets; and mugs and insulated drinking steins.

Defendant Gong offered for sale on the internet a product he identified as "Vintage Motorcycle #6 Harley Davidson Ride Free Giclee Fine Art Canvas Print." Harley Davidson saw Gong's listing, had its investigator order a unit of the offered product and examined photos that the investigator took of the item that he received. Harley Davidson has not authorized defendant to use its trademarks. Gong's website offers shipment to the United States, including Illinois.

This is a very short recitation of the facts, because plaintiff's statement of facts consisted of only five numbered paragraphs, some of which included legal argument. Missing from plaintiff's statement of facts is any picture or description of the art canvas print which defendant sold and which allegedly infringes on plaintiff's trademarks. Defendant did not file a statement of additional material facts

Plaintiff includes additional facts in its brief, but the Court does not consider facts that are not included in a statement of facts. Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, we have consistently upheld

the district court's discretion to require strict compliance with those rules."). Thus, for example, where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). In considering a motion for summary judgment, this Court does not consider facts that parties failed to include in their statements of fact, because to do so would unfairly eliminate the opposing party's opportunity to show that the fact is disputed, not to mention make the Court's job of searching for disputed facts extremely difficult and excessively time consuming. *See Torres v. Alltown Bus Services, Inc.*, Case No. 05 C 2435, 2008 WL 4542959 at *1 n.1 (N.D. Ill. Apr. 28, 2011) ("To consider facts not included in a statement of facts would be unfair to the other party, because it would rob the other party of the opportunity to show such facts were controverted."), *aff'd* 323 Fed. Appx. 474, 475 (7th Cir. 2009) ("Since we have already held that it is not an abuse of discretion for a court to refuse to consider evidence whose manner of submission violated local rules, we cannot say that the district court abused its discretion in this case.").

## II.     STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If "a reasonable jury could return a verdict for the nonmoving party" then "summary judgment is not appropriate."

*Johnson v. Advocate Health & Hosp. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)).

## III.    DISCUSSION

Trademarks are valuable because they save a consumer time in the search for products. *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 739 (7th Cir. 2013) ("Once the [brand's] reputation [for quality] is created, the firm will obtain greater profits because repeat purchases and word-of-mouth endorsements will add to sales and because consumers will be willing to pay a higher price in exchange for a savings in search costs and an assurance of consistent quality.").

Plaintiff brings three different claims for trademark infringement, but the standard is the same on each count.  To prevail, plaintiff must establish both a protectable trademark and that the "defendant's use of that mark is likely to cause confusion among consumers."  *Phoenix Entertainment Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (claims for false designation of origin and trademark infringement); *Persis Int'l, Inc. v. Burgett, Inc.*, Case No. 09 C 7451, 2012 WL 4176877 at *6 (N.D. Ill. Sept. 18, 2012) (claim under the Illinois Deceptive Trade Practices Act).  Under the Lanham Act, the relevant type of confusion is confusion as to the *origin* of the goods, i.e., as to the "producer of the tangible goods offered for sale."  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003).  In assessing the likelihood of confusion, courts equitably balance seven factors, none of which is dispositive:

> (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of the concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff.

*CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 677 (7th Cir. 2001).

Plaintiff has put forth undisputed evidence establishing the first element but falls short on the second. Although it is undisputed that plaintiff has a registered (and, thus, protectable) trademark, plaintiff has not established as a matter of law that defendant's use of the trademark is likely to cause confusion as to the origin of defendant's product. Likelihood of confusion is a question of fact that may be resolved on summary judgment only "'if the evidence is so one-sided that there can be no doubt about how the question should be answered.'" *CAE,* 267 F.3d at 677 (quoting *Door Sys., Inc. v. Pro-Line Door Sys., Inc.,* 83 F.3d 169, 173 (7th Cir. 1996)). Plaintiff has not met that burden here. In fact, plaintiff has not included in its statement of facts evidence as to any of the seven factors. Plaintiff did not even include in its statement of facts a picture of the allegedly infringing work. Accordingly, plaintiff has not shown that it is entitled to judgment as a matter of law on its claims.

Defendant, for its part, asserts two affirmative defenses: fair use and the right to free expression under the First Amendment to the Constitution. The Court need not consider defendant's affirmative defenses, because plaintiff has failed to establish the elements of its causes of action. *Cf. Eastland Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, (7th Cir. 2013) ("It is unnecessary to consider possible constitutional defenses to trademark enforcement . . . because this complaint fails at the threshold: it does not allege that the use of "50/50" as a title has caused any confusion about the film's source . . .").

## IV.    CONCLUSION

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment.  Status hearing set for October 3, 2018 at 9:30 a.m.


**SO ORDERED.**                               **ENTERED:**  August 14, 2018

_____
**JORGE L. ALONSO**
**United States District Judge**